IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL CAMPOS, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0945-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Manuel Campos, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to six counts of aggravated robbery and one count of aggravated assault. Punishment was assessed at 40 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Campos*, No. 58,732-01 (Tex. Crim. App. Apr. 21, 2004). Petitioner then filed this action in federal court.

II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney failed to protect his right to appeal.

By order dated June 23, 2005, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 40 years in prison for six counts of aggravated robbery and one count of aggravated assault. Judgment was entered on August 14, 2002 and no appeal was taken.

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Therefore, petitioner's conviction became final 30 days thereafter on September 13, 2002. *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on January 29, 2004. The application was denied on April 21, 2004. Petitioner filed this action in federal court on April 19, 2005.[2]

The AEDPA statute of limitations started to run on September 13, 2002 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *16 months* before seeking post-conviction relief in state or federal court. No explanation has been offered to justify this delay. Accordingly, this case is barred by limitations and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] A *pro se* habeas petition is considered filed on the date it is delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Here, petitioner mailed his federal writ to the Fifth Circuit Court of Appeals on April 19, 2005. The court returned the pleading to petitioner on April 28, 2005 with instructions to "[f]ile your petition with appropriate U.S. District Court." Petitioner then sent his writ to this court, where it was received on May 10, 2005.

DATED: July 29, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE